UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
MICHAEL H. SUSSMAN, BENNETT
WEISS, MAURY KNIGHT and
DEMOCRATIC ALLIANCE OF
ORANGE COUNTY,

                Plaintiffs,

-vs-                                      **COMPLAINT**

BRIAN A. CRAWFORD, GARRISON
COMMANDER and UNITED STATES
MILITARY ACADEMY AT WEST POINT,      **07 CIV. 3793**

                Defendants.
------------------------------------------------------X

**I   INTRODUCTION**

1. Plaintiffs bring this action for injunctive relief under the First Amendment to the United States Constitution. Plaintiffs seek a court order allowing them to peacefully protest at the United States Military Academy at West Point on May 26, 2007. As further set forth below, although plaintiffs have timely complied with defendant's written policies governing political protests at West Point, defendants ignored that request until May 14, 2007, shortly after plaintiffs signaled their intent to proceed with an Order to Show Cause.

2. On May 14, 2007, defendants belated denied plaintiffs' request, explaining that West Point has never permitted political protests or demonstrations of any type within the gates of the installation, and that these events would be inconsistent with the military mission and would distract from the good order, discipline, security, morale or loyalty of the soldiers assigned to work there. Defendants

further explained that allowing plaintiffs to hold the event on the day of graduation would compromise security at West Point.

## II PARTIES

3. Plaintiff Michael H. Sussman is a resident of Orange County, within this Judicial district.

4. Plaintiff Bennett Weiss is a resident of Orange County, within this Judicial District.

5. Plaintiff Maury Knight is a resident of Orange County, within this Judicial District.

6. Plaintiff Democratic Alliance of Orange County is a non-incorporated entity based in Orange County, within this Judicial district.

7. Defendant Brian A. Crawford is Garrison Commander at United States Military Academy at West Point.

8. Defendant United States Military Academy at West Point is a public institution located in Orange County, within this Judicial district.

## III JURISDICTION & VENUE

9. As plaintiffs bring this action under the First Amendment to the United States Constitution, this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1434(3) & (4), 42 U.S.C. § 1983 and 1988 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

10. As the events giving rise to this action arose in Orange County, this case is properly venued in Southern District of New York.

## IV FACTUAL AVERMENTS

11. As a public institution that trains members of the United States Armed Forces and attracts political protesters opposed to American foreign policy, the United States Military Academy at West Point recognizes that the First Amendment entitles citizens to stage political protests there.

12. Accommodating citizens who desire to protest at West Point, in May 2004, defendants issued a policy governing "protests, picketing, and other similar demonstrations on the West Point Military Reservation."

13. In setting forth a process by which citizens may stage political protests and related activities at West Point, the policy states that "the Garrison Commander may take such actions as are reasonably necessary and lawful, including ejection from, or denial of access to, the installation of those who threaten a civil disturbance upon or directed against the installation and its activities."

14. In early April 2007, plaintiffs learned that Vice President Dick Cheney would speak at the annual commencement ceremony at United States Military Academy at West Point, scheduled for May 26, 2007.

15. As local activists who oppose the Bush administration's foreign and domestic policies, since May 2004, plaintiffs have held protests against administration spokesmen who have attended the annual West Point graduation. On each occasion, approximately 1,000 citizens have staged a non-violent march to the gates of West Point and held a rally thereafter at Veterans Memorial Park in the Village of Highland Falls, New York, approximately three-quarters of a mile from

3

Thayer Gate, one of the entrances to West Point.

16. Determining again to protest the guest speaker at the West Point graduation, on April 16, 2007, on behalf of Democratic Alliance of Orange County, plaintiff Sussman faxed and mailed a request for written permission to stage a peaceful protest at West Point commencing at 9:00 a.m. on May 26, 2007.

17. Sussman sent the letter pursuant to West Point's written procedures governing permission to engage in protest activity at the Military Academy. This policy requires applicants to submit a written request 30 calendar days before the proposed event through the Provost Marshall and Staff Judge Advocate to the Garrison Commander, U.S. Army.

18. Under the policy, the applicant must include the following information: (a) name, address and telephone number of the sponsoring person or organization; (b) purpose of the event; (c) number of people expected to attend; (d) proposed date, time, location and duration of the event; (e) proposed means of transportation to and from the West Point Military Reservation and (f) proposed means of providing security, sanitary services and related ancillary services to the participants.

19. In his letter, Sussman stated that "[t]he purpose of our event is to demonstrate against the continued [] American invasion of Iraq on May 26, 2007, the same date and time Vice President Cheney shall address graduating cadets. We expect 1000 people to attend this event. These participants shall gather off-base, at Veterans' Memorial Park in the Village of Highland Falls, New York at 8:30 a.m.

The assembled shall then march up to and through Thayer Gate onto the West Point Reservation, past the Hotel Thayer and around the large field which lies in front of the hotel. The protesters shall then march back through the gates and off-campus."

20. The proposed action would minimally intrude on West Point's operations. In his letter, Sussman further stated that the assembled would be on the West Point Reservation for no longer than one hour. After outlining how the protesters would arrange for security and transportation, he added, "Nor do we expect to rally on the base, but, as explained, to stage this orderly march through a small part of the reservation." Morever, he added, "I do not believe this proposed action shall interfere, in any way, with the graduation ceremony which will be proceeding on the other end of the large campus."

21. Defendants ignored plaintiffs' written request until May 14, 2007, the very day that plaintiffs advised defendants that they would seek a court order allowing them to hold the protest. This belated reply violates the Constitution. Under defendants' written speech and protest policy, nothing prevents defendants from delaying the written permission to stage the protest march, and each passing day without permission makes it more difficult for plaintiffs to successfully organize and publicize the event.

22. In his letter to Sussman dated May 14, 2007, defendant Crawford wrote that West Point has never permitted protests or demonstrations of any type within the gates of the installation and that "[p]ermitting protests or demonstrations inside the

5

gates of the installation is inconsistent with the military mission and can detract from the good order, discipline, security, morale, or loyalty of the Soldiers who are assigned to or work at the installation."

23. Defendant Crawford's May 14, 2007 letter further states that "I have determined that there is no safe way for up to 1000 people to assemble in any area on the military reservation on May 26, 2007 to protest the appearance of the Vice President of the United States at the graduation ceremony that morning without compromising the safety or our residents, our graduation visitors, and the protesters themselves."

24. The written policy vests the relevant decisionmaker with excessive discretion to grant or deny permits where the proposed event has no likelihood of disrupting or interfering with West Point's military mission or cadet discipline. This discretion includes the decisionmaker's authority to deny a permit based upon his "concerns for discipline, mission accomplishment, protection of property, and the safeguarding of the health, morale, and welfare of the [West Point Military Academy Community]."

25. Moreover, the policy does not allow event organizers to seek expedited permission to stage protests or marches responsive to pressing and unforeseeable events. Nor does the policy require decisionmakers to grant or deny permits within a set time frame, an omission that allows decisionmakers to effectively deny event requests through delay and inaction.

## V  CAUSES OF ACTION

26. Plaintiffs incorporate the allegations in ¶¶ 1-25 as if fully re-stated herein.

27. Defendants' failure to timely respond to plaintiffs' request to stage a march at West Point on May 26, 2007 violates the First Amendment to the United States Constitution.

28. The written procedures governing political protest at West Point Military Reservation violate the First Amendment to the United States Constitution.

## VI  PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully pray for the following relief:

a. accept jurisdiction over this matter;

b. issue a preliminary injunction allowing plaintiffs to hold the protest march as set forth in the accompanying Sussman affidavit on May 26, 2007;

c. permanently enjoin defendants from enforcing the written procedures governing political protest at West Point Military Reservation;

d. award to plaintiff the reasonable attorneys' fees and costs expended in litigating this action; and

e. order such further relief deemed just and proper under the circumstances.

Dated:   May 14, 2007

Respectfully submitted,

S/ *[signature]*
STEPHEN BERGSTEIN (6810)

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiffs
